UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS LAVELL LEWIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

                             /

File No. 1:12-CV-26

HON. ROBERT HOLMES BELL

**O P I N I O N**

**I.**

This matter is before the Court on Movant Marcus Lavell Lewis's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt No. 1, Mot. Vacate.) The grand jury indicted Movant on two counts: (1) possession with intent to distribute five grams or more of cocaine base; and (2) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a). (1:09-CR-163, Dkt. No. 1, Indictment.) Defendant pled guilty to both counts of the Indictment. (1:09-CR-163, Dkt. No. 19, J. 1.) On October 27, 2009, defendant was sentenced to 150 months of incarceration. *Id.* at 2. Movant appealed and his conviction was affirmed on October 13, 2010. (1:09-CR-163, Dkt. No. 26, 6th Cir. Order). Movant filed this § 2255 motion on January 9, 2012. (Mot. Vacate.) For the reasons that follow, Movant's motion is denied.

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To show cause, the petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claims on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488. Claims decided on direct appeal may not be relitigated "absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d

177, 180 (6th Cir. 1996)); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). An ineffective assistance of counsel claim is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

In reviewing a § 2255 motion where factual disputes arise, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The Court must grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine,* 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

**III.**

Movant's claims are reasonably categorized as objections premised on the following grounds: (1) the formation, execution, and breach of Movant's plea agreement; (2) the

3

ineffective assistance of counsel; (3) the voluntariness of his guilty plea; (4) the validity of the charges brought against him and the subsequent calculation of his sentence; and (5) the absence of adequate discovery. All these claims are subject to dismissal because they are procedurally defaulted, and/or they lack merit.

**1. Plea Agreement**

The majority of Movant's claims focus on a supposed plea agreement. Movant's claims premised on the existence of the plea agreement lack merit because there was no such agreement. (1:09-CR-163, Dkt. No. 24, Sent. Tr. 15.) Movant claims that Counsel should not have advised him to accept the plea agreement and that Counsel was ineffective for failing to uphold the plea agreement or, in alternative, for failing to object to its breach. (Mem. in Supp. of Mot. Vacate 2, 4, 6.) Movant further alleges that the U.S. Government accepted the plea agreement and later breached the agreement when the government increased the drug amounts charged. *Id.* at 6. Movant concludes that he would not have pled guilty if he knew the agreement would be breached and his guilty plea was involuntary as a result. *Id.* at 4.

There was no plea agreement despite Movant's affidavits to the contrary. (Dkt. No. 2, Movant Aff.; Dkt. No. 7, Resp. 5; 1:09-CR-163, Sent. Tr. 15.) Movant voluntarily pled guilty to all counts of the Indictment. (1:09-CR-163, Sent. Tr. 15.) The government made no promises in return for his decision to plead guilty. *Id.* Any allegations of ineffective assistance of counsel related to the plea agreement or the government's breach of it lack merit because there was no plea agreement. Movant's claim that his plea was involuntary

4

and several other claims rest on theories assuming the existence of a plea agreement. This assumption will not be credited in the analysis of Movant's arguments.

## 2. Ineffective Assistance of Counsel

Movant claims that counsel was ineffective for advising him to plea guilty, poorly informing him of the ramifications of this decision, and failing to challenge relevant conduct in sentencing guideline computations. Movant's ineffective assistance of counsel claim lacks merit. An ineffective assistance of counsel claim may be raised whether or not the petitioner could have raised the claim on direct appeal. *Massaro*, 538 U.S. at 504. Claims of ineffective assistance are analyzed under the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, defendant must show that counsel's performance fell below an objective standard of reasonableness. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that there is a reasonable probability that, but for the counsel's deficiency, the outcome of the proceedings would have been different. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. Unless defendant makes both showings, it cannot be said that the "conviction resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 694.

Movant fails the first prong of the *Strickland* test. Counsel's assistance did not fall below an objective standard of reasonableness. From Movant's own representations on the

5

transcript, it appears that Counsel appropriately advised Movant to plea guilty, cautioned Movant of the ramifications of this decision, and properly challenged relevant conduct in sentencing guideline computations. Movant and Counsel were aware that the government was ready to prove that the defendant had distributed well in excess of 50 grams of cocaine base. (1:09-CR-163, Sent. Tr. 15.) The government was prepared to file a superseding indictment with the increased amounts, (1:09-CR-163, Dkt. No. 23, Plea Tr. 5.), that would have subjected movant to a mandatory life sentence. Pleading to the lesser offense was a sound strategy and Movant was able to avoid exposure to a greater sentence with his plea. (1:09-CR-163, Sent. Tr. 15.) Movant met with Counsel six times and discussed the Presentencing Report. *Id*. at 5. Movant admits to meeting with Counsel to discuss sentencing issues and expressed satisfaction with Counsel's representation. *Id.* at 3. Movant's claim that he did not fully understand the ramifications of his plea and the calculation of his sentence are therefore without merit. Finally, on appeal, Counsel's failure to prevail on Movant's argument to reduce his sentence because of relevant conduct objections, (1:09-CR-163, 6th Cir. Order), is not sufficient to prove ineffective assistance of counsel. No precedent holds that the failure to prevail is proof of ineffective assistance.

    The counsel provided to Movant meets objective standards of reasonableness. Movant's ineffective counsel claim must necessarily fail. Movant's claim that the outcome would have been different if effective counsel were provided, (Mem. in Supp. of Mot. Vacate 6), is without merit as a result.

**3. Involuntariness**

Claims not raised on appeal are procedurally defaulted absent a showing of cause and prejudice or a showing of actual innocense. *Massaro*, 538 U.S. at 504. Movant only challenged judicially-found facts and the duration of his sentence on appeal. (1:09-CR-163, 6th Cir. Order 1.) Movant's claim that his guilty plea was involuntary is procedurally defaulted as a result. Movant must point to "some objective factor external to the defense" that prohibited him from raising his claims on direct appeal to show cause. *Murray*, 477 U.S. at 488. Movant fails to show cause because no evidence of external factors is provided. If a prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced by the alleged violation. *Bousley*, 523 U.S. 614, 620 (1998).

However, even if adequate cause and prejudice were asserted, Movant's claim is subject to dismissal because it is inherently incredible. Movant asserts that his plea was involuntary because his counsel did not appropriately advise him that the government was free to breach the plea agreement (Mem. in Supp. of Mot. Vacate 4.) Movant's primary theory for failing to raise the claim of involuntariness previously is without merit because a plea agreement never existed. The record shows that Movant agrees that he had ample time to meet with Counsel, have his questions answered, and receive advice from Counsel regarding his criminal charges. (1:09-CR-163, Plea Tr. 3.) Movant was generally satisfied with Counsel's representation. (1:09-CR-163, Sent. Tr. 3). Movant does not directly assert that Counsel was ineffective for failing to raise involuntariness of plea on appeal. This claim

would fail even if Movant made the assertion. Counsel is not ineffective for failing to raise issues that have no merit. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999). Movant's claim that his guilty plea was involuntary must fail.

### 4. Criminal Charges and Sentence Calculation

Movant makes several contentions with regards to the charges brought against him and the duration of his sentence. Movant alleges that (1) charges were brought against him without jurisdiction; (2) the heroin charge (Count II) was only a misdemeanor (Movant Aff. 3); (3) the mandatory 100-to-1 rule that was imposed upon him is unconstitutional, (Mem. in Supp. of Mot. Vacate 5); (4) the sentence for Count II was miscalculated, (Movant Aff. 3); and (5) the initial drug amounts to which he pled guilty were increased in violation of his constitutional rights (Mem. in Supp. of Mot. Vacate 6.)

Although Movant did not challenge subject-matter jurisdiction on appeal, this claim is not procedurally defaulted because claims challenging subject-matter jurisdiction can never be waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Movant's jurisdictional claim, however, lacks merit. The subject-matter jurisdiction claim is inherently incredible because this Court clearly had jurisdiction to decide Movant's guilty pleas. Both counts of Movant's indictment alleged violations of title 21, section 841(a) of the *United States Code*. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Movant's indictment alleged violations of the laws of the United States and this Court had jurisdiction

as a result.

Claims (2) and (3) were not raised on direct appeal and are procedurally defaulted. Movant must show cause and prejudice to overcome procedural default. Movant has not shown cause, which would require Movant to point to "some objective factor external to the defense" that prohibited him from raising his claims on direct appeal. *Murray,* 477 U.S. at 488. In addition to the failure to show cause, claims (2) and (3) also lack merit

In Count II Movant was charged with possession of 3.22 grams of heroin with intent to distribute, in violation of 18 U.S.C. § 841(a). This was indisputably a felony charge. Title 21, section 841(b) of the *United States Code* describes the penalties for offenses of section 841(a). Section 841(b)(1)(C), which provides a maximum sentence of 20 years for possession with intent to distribute of any quantity of heroin. Count II is clearly a felony.

Movant's assertion that the 100-to-1 rule was mandatory and therefore unconstitutional misconstrues case law and contradicts the record. The "100-to-1 rule" is a term commonly used to describe the Sentencing Guidelines's recommendation that a possessor of 1 gram of cocaine base be given the same sentence as a possessor of 100 grams of the refined form, cocaine powder. Movant's contention that this rule is unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005), because the rule is mandatory is simply untrue. *Booker* does not declare the 100-to-1 rule unconstitutional, rather, it gives the court the power to exercise discretion when applying the Sentencing Guidelines. 543 U.S. at 278. Movant and Counsel were aware that the court was not mandated to apply the 100-to-1 rule.

(1:09-CR-163, Def. Sent. Mem. 1 (requesting that this Court apply *Booker* to give Movant a more lenient sentence)). Any claim that the rule was mandatory is contradicted by Movant's and Counsel's knowledge (as shown by the record) that the court possessed discretionary power in deciding Movant's sentence. *Id.* Movant's theory of unconstitutionality cannot prevail. The Fair Sentencing Act of 2010 reduced the 100-to-1 ratio to 18-to-1 and is applicable retroactively. *United States v. Blewett*, No. 12–5582, 2013 WL 2121945, at *1, 7 (6th Cir. 2013). This court adjusted Movant's sentence to 132 months in accordance with recent congressional changes. (1:09-CR-163, Dkt. No. 42.) No further adjustment of Movant's sentence is required.

Movant's contention that the sentence for Count II was miscalculated will not be heard by this Court. Movant challenged the duration of his sentence on appeal and the Sixth Circuit affirmed the duration of Movant's sentence, noting that his sentence was in fact below suggested sentencing guidelines. (1:09-CR-163, 6th Cir. Order 3.) This Court will only review a previously litigated issue under highly exceptional circumstances. *Jones,* 178 F.3d at 796. The pleadings present no exceptional circumstances.

Even if this Court were to reconsider the issue, Movant's sentence was appropriately calculated. Movant's base level was computed by converting both drugs (500 grams of cocaine base and 40 grams of herion) to marijuana. U.S.S.G. § 2D1.1. Converting both produced a base level of 36, which was reduced to level 34 pursuant to Application Note 10(D) because the offense involved cocaine base. *Id.* This base level was then reduced three

levels for Movant's acceptance of responsibility. U.S.S.G. § 3E1.1(a)-(b). With four criminal history points, the recommended sentence was 151-188 months, which is greater than Movant's actual sentence of 150 months.

Finally, Movant's fifth claim, that the government violated his constitutional rights when it increased the drug amounts charged, is not valid. Movant never entered a plea agreement limiting prosecution to a specified amount and, as affirmed by the Sixth Circuit, judicially-found facts did not violate Movant's right to a trial by jury. Having been found with 15.13 grams of cocaine base and 3.22 grams of heroine in his possession, (Presentencing Rep. 5), Movant pled guilty to possession with intent to distribute 5 grams or more of cocaine base (Count I) and possession with intent to distribute heroin (Count II). (1:09-CR-163, Dkt. No. 17, Def. Sent. Mem. 1.) This plea was not part of a plea agreement, rather a strategic move to mitigate the severity of his sentence. (1:09-CR-163, Sent. Tr. 15.) The judicial findings of fact that Movant was responsible for the distribution of at least 500 grams of cocaine base and 40 grams of heroin were affirmed by the Sixth Circuit. (1:09-CR-163, 6th Cir. Order). No exceptional circumstances exist to review the Sixth Circuit's affirmation of the judicially-found facts. Consequently, use of the judicially-found drug amounts greater than the amounts found in Movant's immediate possession did not violate Movant's constitutional rights.

**5. Adequate discovery**

Movant's last category of claims moves the Court to provide access to discovery and

11

information from the government on perceived constitutional violations in connection with his plea and sentencing, as well as access to a polygraph test and a court order requiring affidavits from certain prosecutors. (Movant Aff., Appendix A, B, C, & D.) Motions for discovery attached to a § 2255 motion may be authorized for good cause. Rules Governing § 2255 Cases, Rule 6(a). Movant has failed to show good cause to grant discovery. All Movant's allegations are without merit and primarily derived from a non-existent plea agreement. Movant provides no viable claim for which he seeks additional information, rather, he would like to use discovery as a fishing expedition. This Court will not allow such a request.

Movant also alleges that his constitutional rights were violated because discovery was provided to his counsel and not directly to him. (Mem. in Supp. of Mot. Vacate 6.) The right to discovery is statutory. Fed. R. Crim. P. 16. The government provided Movant's counsel with discovery, fulfilling their obligation to Movant. Counsel was effective and discussed relevant matters with Movant. (1:09-CR-163, Sent. Tr. 5.) Any claim that discovery was inadequate because it was provided to Movant's agent rather than directly to Movant is untenable. Movant was made aware of aspects of the trial process through Counsel and Movant was satisfied with Counsel's representation. (1:09-CR-163, Sent. Tr. 3.)

### 6. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability,

Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: June 18, 2013              /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE